In re   **WILLIAM LUNA SANTIAGO**                                      Case No.   **24-02155-13**
                                          Debtor(s)

# CHAPTER 13 PAYMENT PLAN
## Attachment B

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE DISTRICT OF PUERTO RICO*

| | |
|---|---|
| *IN RE:* | *CASE NO.: 24- 02155* |
| *WILLIAM LUNA SANTIAGO* | *CHAPTER 13* |
| *DEBTOR(S)* | |

*MOTION INFORMING FILING OF*
*CHAPTER 13 PLAN*

TO THE HONORABLE COURT:

Come(s)Debtor(s) represented by the undersigned attorney and most respectfully EXPOSE(S) and PRAY(S):

1- Debtor hereby informs the filing of ***FILING OF A CHAPTER 13 PLAN***

WHEREFORE, Debtor(s) respectfully request(s) from this Honorable Court::

1- To take notice of the aforementioned and

    I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using CM/ECF System which will send notification of such filing to the parties registered in the CM/ECF System. All other parties have been notified by the United States Postal mailing service.
RESPECTFULLY SUBMITTED.

In Caguas, Puerto Rico today June 24, 2024.

                **/s/ JOSE A. LEÓN LANDRAU, ESQ.**
                JOSE A. LEÓN LANDRAU (131506)
                Attorney for Debtor(s)
                PO Box 1687
                Caguas, PR 00726
                Phone: (787) 746-7979
                Fax: (787) 744-4544
                E-mail:jleonlandrau@yahoo.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In Re: | Case No.: **24-02155-13**
**WILLIAM LUNA SANTIAGO** | Chapter 13

xxx-xx-1919

☐ Check if this is a pre-confirmation amended plan

☐ Check if this is a post confirmation amended plan
Proposed by:
☐ Debtor(s)
☐ Trustee
☐ Unsecured creditor(s)

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** June 24, 2024 .

If this is an amended plan, list below the sections of the plan that have been changed.

---

## PART 1: Notices

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $350.00 | Months **1** through **48** | $16,800.00 | |
| Subtotals | **48** Months | $16,800.00 | |

*Insert additional lines if needed*

> If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2  **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply*
- ☐ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☑ Debtor(s) will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____

2.3  **Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4  **Additional payments:**

*Check one.*
- ☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART3: Treatment of Secured Claims

3.1  **Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ☑ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| ORIENTAL BANK | 2023 JEEP GRAND CHEROKEE | $895.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | $1,790.00 | | _____ Months  Starting on Plan Month _____ | $1,790.00 |
| ORIENTAL BANK | BO. MONTONE I SECTOR HERNANDEZ CARR 183 KM 17.5 Las Piedras, PR 00771  Las Piedras County DE LOS DOS | $786.00 Disbursed by: ☐ Trustee ☑ Debtor(s) | | | _____ Months  Starting on Plan Month _____ | |

| Debtor | **WILLIAM LUNA SANTIAGO** | | Case number | **24-02155-13** | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Collateral | Current installment payments (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly PMT on arrearage | Estimated total payments by trustee |
| **SUNOVA** | **SOLAR PANELS WINDMAR SOLAR** | **$246.00** Disbursed by: ☐ Trustee ☑ Debtor(s) | | | Months  Starting on Plan Month | |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*
   ☑ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance**.

   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*
   ☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

   ☐ Payments pursuant to 11 USC §1326(a)(1)(C):

   | Name of secured creditor | $ Amount of APMP | Comments |
   |---|---|---|
   | **-NONE-** | | |

   *Insert additional claims as needed.*

   Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**
   Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
   Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

Check one.

☐ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

☑ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **LEGAL REPRESENTATION SHALL BE RENDERED AT A RATE OF $200.00 PER HOUR.** |
| | **$600.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **$4,500 aprox.** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6**

Check one.
☑ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

Check one.
☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

Check one.
☑ **None**. *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of $ _____ .
☐ _____% of the total amount of these claims, an estimated payment of $_____.
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.
☐ If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

5.2 **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*
☑ The Debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Debtor | **WILLIAM LUNA SANTIAGO** | Case number | **24-02155-13** |
|---|---|---|---|

| Name of Creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| ORIENTAL BANK | $643.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

*Insert additional claims as needed.*

**5.3  Other separately classified nonpriority unsecured claims.**
   *Check one.*

   ☑  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

**6.1**  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

   *Check one.*

   ☑  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1**  **Property of the estate will vest in the Debtor(s) upon**
   *Check the applicable box:*
   ☑  Plan confirmation.
   ☐  Entry of discharge.
   ☐  Other: _____

**7.2**  **Plan distribution by the trustee will be in the following order:**
   (The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)

   1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
   1. Distribution on Attorney's Fees (Part 4, Section 4.3)
   1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
   2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
   2. Distribution on Secured Claims (Part 3, Section 3.7)
   2. Distribution on Secured Claims (Part 3, Section 3.1) – Arrearage payments
   3. Distribution on Secured Claims (Part 3, Section 3.2)
   3. Distribution on Secured Claims (Part 3, Section 3.3)
   3. Distribution on Secured Claims (Part 3, Section 3.4)
   3. Distribution on Unsecured Claims (Part 6, Section 6.1)
   4. Distribution on Priority Claims (Part 4, Section 4.4)
   5. Distribution on Priority Claims (Part 4, Section 4.5)
   6. Distribution on Unsecured Claims (Part 5, Section 5.2)
   6. Distribution on Unsecured Claims (Part 5, Section 5.3)
   7. Distribution on General Unsecured claims (Part 5, Section 5.1)

   Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

**8.1**  **Check "None" or list the nonstandard plan provisions**
   ☑  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Insert additional lines as needed.*

## PART 9: Signature(s)

| Debtor | **WILLIAM LUNA SANTIAGO** | Case number | **24-02155-13** |
|---|---|---|---|

**/s/ JOSÉ Á. LEÓN LANDRAU**  Date  **June 24, 2024**
**JOSÉ Á. LEÓN LANDRAU 131506**
Signature of Attorney of Debtor(s)

**/s/ WILLIAM LUNA SANTIAGO**  Date  **June 24, 2024**
**WILLIAM LUNA SANTIAGO**

**By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.**

| | |
|---|---|
| WILLIAM LUNA SANTIAGO<br>PO BOX 1065<br>LAS PIEDRAS, PR 00771 | ORIENTAL BANK<br>PO BOX 71578<br>SAN JUAN, PR 00936-8678 |
| JOSÉ Á. LEÓN LANDRAU<br>LEÓN LANDRAU, C.P.<br>PO BOX 1687<br>CAGUAS, PR 00726 | ORIENTAL BANK<br>PO BOX 71578<br>SAN JUAN, PR 00936-8678 |
| ARMY & AIR FORCE EXCHANGE SERVICES<br>3911 S. WALTON WALKER BLVD.<br>DALLAS, TX 75236 | ORIENTAL BANK<br>PO BOX 71578<br>SAN JUAN, PR 00936-8678 |
| BANCO POPULAR<br>PO BOX 362708<br>SAN JUAN, PR 00936 | SMALL BUSINESS ADMINISTRATION<br>10737 GATEWAY WEST SUITE 300<br>EL PASO, TX 79935 |
| CAPITAL ONE/ WALMART<br>PO BOX 31293<br>SALT LAKE CITY, UT 84131 | SUNOVA<br>171 AVE. CARLOS CHARDON<br>SUITE 302<br>SAN JUAN, PR 00918-0090 |
| FREEDOMROAD FINANCIAL<br>1515 W 22ND ST, SUITE 100W<br>OAK BROOK, IL 60523 | SYNCB / EMPRESAS BERRIOS<br>POB 965036<br>ORLANDO, FL 32896 |
| ISLAND FINANCE LLC<br>PO BOX 195369<br>SAN JUAN, PR 00919 | SYNCB /SAMS CLUB DUALCARD<br>PO BOX 965005<br>ORLANDO, FL 32896 |
| JCPENNEY/SYNCHRONY BANK/JCP<br>PO BOX 960090<br>ORLANDO, FL 32896-0090 | THE HOME DEPOT<br>PO BOX 6497<br>SIOUX FALLS, SD 57117-6497 |
| MUEBLERIAS BERRIOS<br>P.O. BOX 674<br>CIDRA, PR 00739 | |