STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ
REPORT OF ACTION TAKEN
MEETING OF CREDITORS

**In re:**

**WILLIAM LUNA SANTIAGO**  Case No. 24-02155-EAG

Chapter 13   Attorney Name: JOSE A LEON LANDRAU*

## I. Appearances

| | | |
|---|---|---|
| Debtor | [X] Present | [ ] Absent |
| Joint Debtor | [ ] Present | [ ] Absent |
| Attorney for Debtor | [X] Present | [ ] Absent |

[ ] Prose

[X] Substitute   Jose A. Leon Landrau, Esq.

**Date & Time:** 7/19/2024 10:00:00AM

[X] R  [ ] NR  LV: To be determined

**ACP:** 3   Unsecured Pool: 0.00

[X] This is debtor(s) 1 Bankruptcy filing.

**Creditors:**

Banco Popular de P.R. by Mr. Miguel Rivera

## II. Oath Administered

[ ] Yes   [X] No

## III. Plan

**Date:** 06/24/2024   **Base:** $16,800.00   Payments 1 made out of 1 due.

**Confirmation Hearing Date:** 7/19/2024 2:30:00PM

**Evidence of Pmt shown:**

**Attorney's fees as per R. 2016(b)**

$600.00 - $600.00 = $0.00

## IV. Status of Meeting

[ ] Closed   [ ] Not Held   [ ] Held/Continued

[ ] Held/Not Closed

[X] Continued

**Continued Date:** 8/13/2024 2:20:00PM

**Comments:**

[ ] M.T.D. to be filed by Trustee: Debtor(s) failed to: [ ] Appear: [ ] Commence payments

[ ] Keep payments current [ ] does (do) not qualify as a debtor (§109):

[ ] MTD Already filed, see Docket:3

[X] Other:

3

**STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

**WILLIAM LUNA SANTIAGO**  Case No. 24-02155-EAG

Chapter 13  Attorney Name: **JOSE A LEON LANDRAU***

(Cont.)

**Trustee's Report on Confirmation**

[ ] **FAVORABLE**

[ ] **UNFAVORABLE**

| | |
|---|---|
| [ ] Feasibility | [ ] No provision for secured creditor(s) |
| [ ] Insufficiently funded | [ ] Treat value of collateral separately |
| [ ] Unfair discrimination | [ ] No provision for insurance |
| [ ] Fails disposable income | [ ] Tax returns missing |
| [ ] Fails liquidation value test |    [ ] State - years |
| [ ] Insuarence quote | [ ] Federal - years |

**Pending/Items/ Documents:**

| | |
|---|---|
| [ ] Assumption/Rejection executory contract | [ ] Business Documents |
| |    [ ] Monthly reports for the months |
| [ ] Appraisal | |
| | [ ] Public Liability Insurance |
| [ ] DSO Recipient's Information |    [ ] Premises |
| |    [ ] Vehicle(s): |
| [ ] Evidence of being current with DSO | [ ] Licenses issued by: |
| [ ] Evidence of income | |

**STANDING CHAPTER 13 TRUSTEE OSMARIE NAVARRO MARTINEZ**
**REPORT OF ACTION TAKEN**
**MEETING OF CREDITORS**

In re:

WILLIAM LUNA SANTIAGO　　　　　　　　　　　Case No.　24-02155-EAG

　　　　　　　　　　　　　　　　Chapter 13　　Attorney Name:　JOSE A LEON LANDRAU*

**COMMENTS**

Debtor's counsel announced means test was filed today, to include a National Guard pension income. Debtor and his attorney were informed that the SOFA has not been filed. Debtor's attorney stated that debtor needs a next friend, which debtor's counsel stated it will be debtor's spouse.

Matters:

1. Pending to submit the following evidence for 341 meeting via telephone conference:
 - Wet signature of Statement of Financial Affairs has not been provided.

2. ISSUE(S) WITH DISPOSABLE INCOME TEST, §1325(b)(1)(B):
 a. Form 122C-1 does not disclose debtor's retirement income of $1,871.70.

3. ISSUES WITH LIQUIDATION VALUE TEST, §1325(a)(4):
 a. Schedules A/B & "C" does not disclose whether the real property where homestead exemption was claimed is used as principal residence and whether is registered or not. An objection to homestead exemptions will be filed. In view of the above mentioned liquidation value cannot be determined.
 b. Debtor informs that property located at Bo. Montones, Las Piedras is a joint property, however, does not include who is the other person and the relation, there is only 1 debtor filing. The information does not include the description of the property and what kind of property is; single, duplex etc.
 c. Debtor has listed SUNNOVA at schedule D, provide evidence of security for this creditor.
 d. ¿A life insurance expense was listed at line 15ª of the Schedule "J" in the amount of $300.00, does this insurance have any cash value? If so, amend Schedule A/B in order to include the amount. Also, please provide copy of policy.
 e. The case have a preliminary liquidation value of $4,109 at present value of $4,766, however, liquidation value is to be determined. Once determined, any amount arrives needs to be disclosed in the fourth entry of part 5.1 of the plan.

4. PLAN DOES NOT PROVIDE FOR SECURED CREDITOR, §1325(a)(5):
 a. Plan does not provide for secured creditor Freedom Road Financial proof of claim #1. This is related to a 2018 KTM motorcycle.
 b. Plan does not provide for Oriental Bank post-petition arrears of their proof of claim #7 ($940.78).

5. FEASIBILITY, 11 USC §1325(a)(6):
 a. Part 3.1 of the plan propose direct payments of $895.00 to Oriental Bank (2023 Jeep Grand Cherokee), however, Schedule "J" does not disclose said expense.

In re:

WILLIAM LUNA SANTIAGO                           Case No.   24-02155-EAG

                        Chapter 13        Attorney Name:   JOSE A LEON LANDRAU*

**6. OTHER:**

 a. Statement of Financial Affairs has not been filed.

 b. Evidence of assistance of $774.00 to "Mother in law" has not been provided.

 c. Schedule A/B disclose 2018 motorcycle KPM Duke, however, per proof of claim #1 it is a KTM. Amend accordingly.

 d. Part 5.2 of the plan propose to make payments of $643.00 to Oriental Bank related to an auto loan in which per proof of claim #6 debtor is the co-debtor. Debtor is asked to inform whether he holds possession of said motor vehicle. If so, please include information in Statement of Financial Affairs line #23.

 e. Per part 5.2 of the plan debtor is the one who is making payments to Oriental Bank co-debtor claim #6. in view of the above mentioned, plan needs to be amended to disclose in part 8 that Trustee will not make distribution to the aforementioned claim. Also, disclose in part 8 whether Trustee will make any distribution if an amended claim for a deficiency is filed.

 f. Per bank statement provided the amount of retirement income is $1,871.70 instead of $4,078.99 as disclosed in Schedule "I". Also, the amount of veteran pension is $4,078.99 instead of $1,871.70 as disclosed in Schedule "I". Debtor is asked to amend accordingly.

 g. Oriental Bank filed objection to confirmation since plan does not provide that secured claim holders shall retain their liens in compliance with 11 U.S.C. §1325(a)(5)(B)(i). Thus, the Plan fails to comply with 11 U.S.C. § 1325(a)(5)(B)(i).

<u>s/Miriam Salwen</u>                                                             Date:    07/19/2024

Trustee/Presiding Officer                                                                          (Rev. 02/11)